UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARGIE MOORE | CIVIL ACTION |
| VERSUS | NO. 22-1525 |
| EVONIK CORPORATION, *et al.* | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Shell Oil Company ("Shell"), in which Shell argues that the claims of plaintiff Margie Moore are prescribed and not saved by the *contra non valentem* doctrine because she did not timely make any inquiry regarding the cause of her cancer.[1]  Moore responds in opposition,[2] and Shell replies in further support of its motion.[3]

This case arises out of alleged exposure to ethylene oxide ("EtO") near a petrochemical plant in Reserve, Louisiana ("the facility").[4]  Shell operated the facility from 1991 to 1999.[5]  Defendant Evonik Corporation ("Evonik") currently owns and operates the facility.[6]  Moore has lived near the facility for decades.[7]  On April 26, 2021, Moore and thirteen other plaintiffs filed this suit in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, alleging that inhalation of EtO emitted from the facility was a substantial factor in causing plaintiffs, or their deceased loved ones, to develop various types of cancer.[8]  Plaintiffs asserted

---

[1] R. Doc. 4.  Shell also argues that plaintiff failed to state a negligence claim against it.  The Court need not address this argument because plaintiff's claims against Shell are prescribed.
[2] R. Doc. 8.
[3] R. Doc. 11.
[4] R. Doc. 2 at 1.
[5] *Id.* at 4.
[6] *Id.* at 3.
[7] *Id.* at 1-3.
[8] *Ellis v. Evonik Corp.*, 2022 WL 1719196, at *1 (E.D. La. May 27, 2022).

claims of negligence, civil battery, and nuisance against Shell and Evonik.[9]  They also brought negligence and civil battery claims against four non-diverse employee defendants.[10]

Evonik removed the action on June 4, 2021, alleging that the requirement of complete diversity under 28 U.S.C. § 1332 was satisfied because the non-diverse employee defendants were improperly joined.[11]  The court denied plaintiffs' subsequent motion to remand, holding that plaintiffs could not state a cause of action for negligence or civil battery against the employee defendants.[12]

Shell and Evonik then filed Rule 12(b)(6) motions to dismiss arguing that plaintiffs' claims were prescribed and plaintiffs failed to state viable claims for negligence, battery, and nuisance under Louisiana law.[13]  The court granted Shell's motion "in its entirety on the grounds of prescription and the non-applicability of *contra non valentem*," dismissing plaintiffs' claims against Shell without prejudice and granting "plaintiffs leave to amend their complaint to plead facts, specific to each plaintiff, to support the application of *contra non valentem* after their dates of diagnoses."[14]  The court denied Evonik's motion as to prescription, concluding that the continuing tort doctrine applied to all but the survival and wrongful-death claims because Evonik's authorized and unauthorized EtO emissions are allegedly ongoing.[15]  Further, the court granted Evonik's motion as to plaintiffs' negligence claim because they did not allege a specific standard of care with which Evonik ought to have complied, but dismissed plaintiffs' claims against Evonik without prejudice and with leave to amend their "negligence allegations to articulate a specific

---

[9] *Id.*
[10] *Ellis v. Evonik Corp.*, 2021 WL 4862146, at *1 (E.D. La. Oct. 19, 2021).
[11] *Id.* at *2.
[12] *Id.* at *1-9.  The court also denied plaintiffs' motion to reconsider its denial of their motion to remand. *Ellis v. Evonik Corp.*, 2022 WL 782745 (E.D. La. Mar. 15, 2022).
[13] *Ellis*, 2022 WL 1719196, at *2.
[14] *Id.* at *8.
[15] *Id.* at *9.

duty or standard of care that defendant is alleged to have breached."[16] The court granted Evonik's motion as to dismissing plaintiffs' civil battery claims with prejudice, but denied it as to dismissing their nuisance claims.[17] Finally, the court severed the case into fourteen distinct civil actions, keeping the first named plaintiff's case, and ordered that the other thirteen cases be randomly allotted among the sections of court.[18] This section was assigned Moore's case.[19]

On June 10, 2022, Moore filed an amended complaint asserting negligence, civil battery, and nuisance claims against Shell, Evonik, and other corporate defendants.[20] Moore again alleges that she developed breast cancer in 2014, as a result of inhaling dangerous levels of EtO emissions emanating from the facility.[21] This time, Moore adds several allegations regarding the standard of care Evonik allegedly breached, citing certain provisions of what she calls the Louisiana Environmental Regulatory Code (otherwise known as the Louisiana Administrative Code), specifically, L.A.C. 33:III.905 and 33:III.2121.[22] Moore does not allege, however, that she ever did any investigation herself or asked anyone else, including her physicians, about what could have caused her cancer.[23]

On June 23, 2022, Shell filed the instant motion to dismiss arguing that Moore did not plead any facts demonstrating that *contra non valentem* applies to toll prescription because she does not establish that she inquired about the cause of her cancer within the prescription period.[24] Shell's motion is nearly identical to those it filed in *Foster v. Evonik Corp.*, No. 22-1519 (E.D. La.), and *Tassin v. Evonik Corp.*, No. 22-1528 (E.D. La.), two other cases severed from *Ellis*. And

---

[16] *Id.* at *11.
[17] *Id.* at *11-14.
[18] *Id.* at *14.
[19] R. Doc. 1-1 at 1.
[20] R. Doc. 2 at 1-4.
[21] *Id.* at 3.
[22] *Id.* at 10-11.
[23] *Id.* at 1-21.
[24] R. Doc. 4-1 at 1-9.

Moore's opposition to Shell's motion is also nearly identical to those filed by the plaintiffs in *Foster* and *Tassin*. Importantly, Moore, like the decedent in *Foster* and the plaintiff in *Tassin*, did not timely make inquiry concerning the cause of her cancer, and thus, the doctrine of *contra non valentem* does not apply to toll prescription as explained in *Foster v. Evonik Corp.*, 2022 WL 3214406, at *1-5 (E.D. La. Aug. 9, 2022) (observing that a cancer diagnosis is constructive notice sufficient to call for plaintiff to inquire further into the cause of the injury and to trigger the running of prescription), and *Tassin v. Evonik Corp.*, No. 22-1528, R. Doc. 18, at 1-8 (E.D. La. Aug. 8, 2022) (same).[25]

Accordingly, for the reasons stated in *Foster* and *Tassin*,

IT IS ORDERED that Shell's motion to dismiss (R. Doc. 4) is GRANTED, and Moore's claims against Shell are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 11th day of August, 2022.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[25] *But see Jones v. Evonik Corp.*, 2022 WL 3226755, at *1-7 (E.D. La. Aug. 10, 2022) (holding that *contra non valentem* applied to toll the running of prescription on plaintiff's claims because reasonable inquiry conducted after her cancer diagnosis would have been futile to reveal sufficient facts to put her on constructive notice of her cause of action).