UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGIE MOORE                                    CIVIL ACTION

VERSUS                                          NO. 22-1525

EVONIK CORPORATION, *et al.*                    SECTION M (3)

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant Evonik Corporation ("Evonik"), in which Evonik argues that the claims of plaintiff Margie Moore are prescribed and she fails to state claims for negligence and nuisance under Louisiana law.[1]  Moore responds in opposition,[2] and Evonik replies in further support of its motion.[3]

This case arises out of alleged exposure to ethylene oxide ("EtO") near a petrochemical plant in Reserve, Louisiana ("the facility").[4]  Shell operated the facility from 1991 to 1999.[5]  Evonik currently owns and operates the facility.[6]  Moore has lived near the facility for decades.[7]  On April 26, 2021, Moore and thirteen other plaintiffs filed this suit in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, alleging that inhalation of EtO emitted from the facility was a substantial factor in causing plaintiffs, or their deceased loved ones, to develop various types of cancer.[8]  Plaintiffs asserted claims of negligence, civil battery, and

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 16.
[4] R. Doc. 2 at 1.
[5] *Id.* at 4.
[6] *Id.* at 3.
[7] *Id.* at 1-3.
[8] *Ellis v. Evonik Corp.*, 2022 WL 1719196, at *1 (E.D. La. May 27, 2022).

nuisance against Shell and Evonik.[9]  They also brought negligence and civil battery claims against four non-diverse employee defendants.[10]

Evonik removed the action on June 4, 2021, alleging that the requirement of complete diversity under 28 U.S.C. § 1332 was satisfied because the non-diverse employee defendants were improperly joined.[11]  The court denied plaintiffs' subsequent motion to remand, holding that plaintiffs could not state a cause of action for negligence or civil battery against the employee defendants.[12]

Shell and Evonik then filed Rule 12(b)(6) motions to dismiss arguing that plaintiffs' claims were prescribed and plaintiffs failed to state viable claims for negligence, battery, and nuisance under Louisiana law.[13]  The court granted Shell's motion "in its entirety on the grounds of prescription and the non-applicability of *contra non valentem*," dismissing plaintiffs' claims against Shell without prejudice and granting "plaintiffs leave to amend their complaint to plead facts, specific to each plaintiff, to support the application of *contra non valentem* after their dates of diagnoses."[14]  The court denied Evonik's motion as to prescription, concluding that the continuing tort doctrine applied to all but the survival and wrongful-death claims because Evonik's authorized and unauthorized EtO emissions are allegedly ongoing.[15]  Further, the court granted Evonik's motion as to plaintiffs' negligence claim because they did not allege a specific standard of care with which Evonik ought to have complied, but dismissed plaintiffs' claims against Evonik without prejudice and with leave to amend their "negligence allegations to articulate a specific

---

[9] *Id.*
[10] *Ellis v. Evonik Corp.*, 2021 WL 4862146, at *1 (E.D. La. Oct. 19, 2021).
[11] *Id.* at *2.
[12] *Id.* at *1-9.  The court also denied plaintiffs' motion to reconsider its denial of their motion to remand. *Ellis v. Evonik Corp.*, 2022 WL 782745 (E.D. La. Mar. 15, 2022).
[13] *Ellis*, 2022 WL 1719196, at *2.
[14] *Id.* at *8.
[15] *Id.* at *9.

duty or standard of care that defendant is alleged to have breached."[16]   The court granted Evonik's motion as to dismissing plaintiffs' civil battery claims with prejudice, but denied it as to dismissing their nuisance claims.[17]   Finally, the court severed the case into fourteen distinct civil actions, keeping the first named plaintiff's case, and ordered that the other thirteen cases be randomly allotted among the sections of court. [18]   This section was assigned Moore's case.[19]

On June 10, 2022, Moore filed an amended complaint asserting negligence, civil battery, and nuisance claims against Shell, Evonik, and other corporate defendants.[20]   Moore again alleges that she developed breast cancer in 2014, as a result of inhaling dangerous levels of EtO emissions emanating from the facility.[21]   This time, Moore adds several allegations regarding the standard of care Evonik allegedly breached, citing certain provisions of what she calls the Louisiana Environmental Regulatory Code (otherwise known as the Louisiana Administrative Code), specifically, L.A.C. 33:III.905 and 33:III.2121.[22]   Moore does not allege, however, that she ever did any investigation herself or asked anyone else, including her physicians, what could have caused her cancer.[23]

On  July 15, 2022, Evonik filed the instant motion to dismiss arguing (1) that Moore did not plead any facts demonstrating that *contra non valentem* applies to toll prescription because she does not establish that she inquired about the cause of her cancer within the prescription period and (2) that the continuing tort doctrine does not apply because Moore does not allege any unplanned emissions after 2013.[24]   Evonik also argues that Moore fails to allege a specific duty

---

[16] *Id.* at *11.
[17] *Id.* at *11-14.
[18] *Id.* at *14.
[19] R. Doc. 1-1 at 1.
[20] R. Doc. 2 at 1-4.
[21] *Id.* at 3.
[22] *Id.* at 10-11.
[23] *Id.* at 1-21.
[24] R. Doc. 12-1 at 1-11.

that Evonik breached.[25]  Finally, Evonik asserts that Moore fails to state a nuisance claim as a matter of law.[26]

Evonik's motion is nearly identical to the one it filed in *Tassin v. Evonik Corp.*, No. 22-1528 (E.D. La.), another case severed from *Ellis*.[27]  And Moore's opposition to Evonik's motion is also nearly identical to the one filed by the plaintiff in *Tassin.*  As in *Tassin*, although not tolled by *contra non valentem*, prescription of Moore's claims against Evonik is tolled by the continuing tort doctrine because she alleges that Evonik's harmful EtO emissions are ongoing.  *Tassin v. Evonik Corp.*, No. 22-1528, R. Doc. 18, at 9-10 (E.D. La. Aug. 8, 2022).  Further, in *Tassin*, the court explained that it would not revisit the *Ellis* court's order holding that plaintiffs asserted a nuisance claim.  *Id.* at 10.  Nor will this Court at this stage of the case.  Finally, in *Tassin*, the court held that the plaintiff there alleged a negligence claim by pleading a specific duty under L.A.C. 33.III.905(A) and 33.III.2121 (namely, the "duty to design, install, and maintain with diligence emission control systems, and equipment that would reduce and/or prevent EtO emissions into the ambient air at levels that Evonik knew could cause harm to residents living near the [f]acility") that Evonik allegedly breached.[28]  *Tassin* at 11-14.  Moore pleads the same duty by citing these same provisions in her complaint.

Accordingly, for the reasons stated in *Tassin*,

IT IS ORDERED that Evonik's motion to dismiss (R. Doc. 12) is DENIED.

---

[25] *Id.* at 11-17.

[26] *Id.* at 18-21.

[27] The merits arguments in Evonik's motion are also nearly identical to those made in the motions to dismiss it filed in *Foster v. Evonik Corp.*, No. 22-1519 (E.D. La.), and *LeBouef v. Evonik Corp.*, No. 22-1523 (E.D. La.).  The prescription arguments are slightly different, however, due to differences in the plaintiff's individual situations.

[28] The court in both *Foster v. Evonik Corp.*, 2022 WL 3214406, at *5-9 (E.D. La. Aug. 9, 2022), and *LeBouef v. Evonik Corp.*, 2022 WL 3159920, at *5-9 (E.D. La. Aug. 9, 2022), reached the same conclusions regarding the plaintiffs' negligence and nuisance claims against Evonik.

New Orleans, Louisiana, this 11th day of August, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE